This is an article 78 proceeding to review a determination of respondent revoking the operator’s license of petitioner on the ground that he refused to submit, to a chemical test (in this ease to blow into a balloon) to determine the alcoholic content of his blood pursuant to section 71-a of the Vehicle and Traffic Law. The sole issue is whether petitioner refused to submit to such test. Or, to express it differently, is there substantial evidence to support the respondent’s determination? We think not. Petitioner testified that he did try to blow up the balloon but that his false teeth kept getting in his way, that they “ eame down ” and cut off his breath. He had taken two other tests without objection and apparently passed them. The arresting officer testified, when questioned by the referee, that petitioner refused to blow up the balloon. But he testified also when questioned by the referee that petitioner “did try to put the balloon to his lips.” And, later, “he said he was not able to.” On cross-examination he responded affirmatively when asked “As far as your observation, he attempted to blow into the balloon?” It must be remembered that “refusal” differs and may be distinguished from “inability”, especially when the good faith of the petitioner does not seem to have been questioned. Indeed obedience in taking the coin and sobriety tests as directed would seem to negative any question of bad faith. The evidence, in our opinion, does not support the conclusion that petitioner refused to submit to such test and therefore the action of respondent may be considered as arbitrary. The determination of the commissioner should therefore be annulled on the law and, without costs, and petitioner’s license restored. Settle order.
Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.